**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
SHAQUILL ALLAH,                         :
                                        :   Civil Action No. 06-2441 (MLC)
               Plaintiff,               :
                                        :
          v.                            :   OPINION
                                        :
JOHN STILLWELL, et al.,                 :
                                        :
               Defendants.              :
                                        :
```

**COOPER**, District Judge

Plaintiff, a prisoner confined at Ocean County Jail at the time he filed the Complaint,[1] seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from an immune defendant.

---

[1] It appears that Plaintiff was a pre-trial detainee at the time he filed the Complaint, but that he has since been convicted and sentenced for robbery and related offenses.  See New Jersey Department of Corrections Offender Search Web Page, https://www6.state.nj.us/DOC_Inmate/inmatesearch.jsp.  The Offender Search Web Page also reports that Plaintiff now is confined at New Jersey State Prison.

I.  BACKGROUND

The following allegations are taken from the Complaint and accepted as true for purposes of this review.  On Saturday, July 7, 2004, officers of the Lakewood Police Department investigated a robbery.  One victim had been stabbed and hospitalized for treatment; the other victims went to the police station to be interviewed.  Certain victims identified a suspect by an alias.  This suspect was known to the defendants here, Detective John Stillwell and Patrol Officer Summer Cunliffe.[2]  Plaintiff alleges that the defendant police officers prepared a photographic array placing Plaintiff's photograph in the number-four position out of six.  This same photographic array was shown to all three victims, including the victim who had been hospitalized.

Plaintiff alleges that the photographic array was unconstitutionally suggestive and the defendants otherwise violated his due process rights in the manner in which they conducted the investigation.  Plaintiff also alleges that the Lakewood Police Department failed to supervise properly the individual defendants.  Plaintiff seeks compensatory damages and all other just and proper relief.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are

---

[2] The other defendant is the Lakewood Police Department.

2

frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; 42 U.S.C. § 1997e.

The Court must construe a pro se complaint liberally in the plaintiff's favor.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).  A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

3

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pa., 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Okla. City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Corr. Fac., 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d

4

1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pitts., 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom."  Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir. 1995), and Woodwind Estates v. Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000).  A plaintiff must demonstrate that, through deliberate conduct, the municipality was the moving force behind the plaintiff's injury. Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict."  Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)).  A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." [Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 404 (1997).]
>
> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy."  The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." Finally, a policy or custom may also exist where "the

>     policymaker has failed to act affirmatively at all,
>     [though] the need to take some action to control the
>     agents of the government 'is so obvious, and the
>     inadequacy of existing practice so likely to result in
>     the violation of constitutional rights, that the
>     policymaker can reasonably be said to have been
>     deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).

A § 1983 action brought against a person in his or her official capacity also "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Monell, 436 U.S. at 690 n.55. "[I]n an official-capacity action, ... a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." Ky. v. Graham, 473 U.S. 159, 166 (1985) (internal quotes and cites omitted).

## IV.  ANALYSIS

The Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In Preiser v. Rodriguez, 411 U.S. 475 (1973), state prisoners who had been deprived of good-conduct-time credits by the state correctional service as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. Id. at 476. The prisoners did not seek

compensatory damages for the loss of credits.  Id. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

Heck v. Humphrey, 512 U.S. 477 (1994), addressed whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

The allegations of the Complaint are strikingly similar to those of <u>Heck</u>, in which that plaintiff alleged that the defendants there "had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to [the suspect's] arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [the suspect's] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at [the suspect's] trial." <u>Heck</u>, 512 U.S. at 479.

The Sixth Amendment does not require that defense counsel be present when a witness views police or prosecution photographic arrays. <u>United States v. Ash</u>, 413 U.S. 300 (1973). But an accused is entitled to due process protection against the introduction of evidence of, or evidence tainted by, unreliable identifications elicited through an unnecessarily suggestive

8

photographic array.  Id. at 320; Manson v. Brathwaite, 432 U.S. 98, 110-17 (1977); Simmons v. United States, 390 U.S. 377 (1968) (due process prohibits in-court identification if pre-trial identification procedure is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification").

The Plaintiff's claims here, if successful, would necessarily imply the invalidity of his conviction.  The claim of failure to supervise, being dependent upon a finding of constitutional violation as to the underlying investigative and photographic identification procedures, is similarly of a sort that, if successful, would necessarily imply the invalidity of Plaintiff's conviction.[3]  Accordingly, the Complaint must be dismissed as premature.[4]

---

[3] Where a need for "more or different training ... is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train ... can fairly be said to represent official policy," City of Canton v. Harris, 489 U.S. 378, 390 (1989), and that failure to train "actually causes injury," a supervisor may be held liable, Id.

[4] The result would be the same if the Complaint were analyzed as of the time of its filing, when Plaintiff was a pre-trial detainee.  See Smith v. Holt, 87 F.3d 108 (3d Cir. 1996) (claims that would necessarily imply the invalidity of a future conviction that might be entered on pending criminal charge do not accrue so long as potential for judgment in pending criminal prosecution continues to exist).

V.    CONCLUSION

The Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. It does not appear that Plaintiff can amend the Complaint to state a claim. The Court will issue an appropriate order and judgment.

                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge